IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

v.                                                    Criminal No. 4:25-cr-07

NOE MEDRANO NUNEZ,

    Defendant.

## *MEMORANDUM OPINION & ORDER*

Before the Court is the United States' (the "Government") Motion to Review Release Order and Stay Release Order Pending Review, pursuant to 18 U.S.C. § 3145(a)(1). ECF No. 14 ("Gov't's Mot."). Defendant Noe Medrano Nunez filed a response in opposition. ECF No. 16 ("Resp. Opp."). The Government replied. ECF No. 18 ("Gov't's Reply"). Accordingly, this matter is ripe for *de novo* review. For the reasons stated below, the Government's Motion is **GRANTED** and the bond is hereby **REVOKED**.

### I.     PROCEDURAL HISTORY

On February 10, 2025, Defendant was named in a single-count Indictment charging him with Reentry of Removed Alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). ECF No. 1. According to the Indictment, Defendant was found in the United States after being removed around June 1, 2000, near Laredo, Texas. *Id.* Defendant was in the United States without the "express consent of the Secretary of Homeland Security to reapply for admission to the United States." *Id.* On February 17, 2025, Defendant was arrested, and the following day, had his initial appearance before Magistrate Judge Krask. ECF Nos. 5, 6. During the initial appearance, Magistrate Judge Krask ordered temporary detention of Defendant pending a hearing pursuant to the Bail Reform

Act. ECF Nos. 6, 9.

On February 24, 2025, Defendant appeared before Magistrate Judge Miller for an arraignment and detention hearing. ECF No. 12. During the hearing, the Government proffered that Defendant has nineteen criminal convictions, four dispositions unknown, and two were dismissed. Detention Hearing Transcript, ECF No. 21 at 3–5. Also, the Government proffered that Defendant had been removed from the United States six times, and this current removal would be his seventh. *Id.* at 5:9–22.

Regarding this illegal re-entry before the Court, the Government argues that Defendant applied for a U-visa while in the United States, seeking to obtain status; however, it is unlikely that the United States Citizenship and Immigration Services will grant the visa given Defendant's criminal history and prior removals. *Id.* at 6:8–14. Lastly, the Government argues that Defendant failed to propose a release plan, a third-party custodian, and a vetted residence, making it difficult for the Government to support releasing Defendant on bond. *Id.* at 8:14–20.

On the other hand, Defendant raised that his release plan includes being placed on electronic monitoring at his residence in Hampton, Virginia, continuing his flooring business, and providing for his seven-year-old son amidst an ongoing custody battle. *Id.* at 9–11. Magistrate Judge Miller gave a detailed explanation during the hearing for granting bond: he is not a danger to the community based on his criminal history, he is in an ongoing custody battle concerning his son, he is not immediately facing deportation because of the pending U-visa application, and electronic monitoring can assure his appearance in this case. *Id.* at 19–20.

Immediately after Magistrate Judge Miller presented his findings, the Government moved, by way of writing and orally, a Motion for *de novo* review and revocation of the release order under 18 U.S.C. § 3145(a)(1). *Id.* at 20:15–20; ECF No. 14. On February 25, 2025, Defendant

opposed the Government's Motion. ECF No. 16. On February 28, 2025, the Government replied. ECF No. 18. On March 18, 2025, a transcript of the detention hearing proceeding was filed.

## II. LEGAL STANDARD

The Government may appeal a magistrate judge's release order of a defendant to the district court. 18 U.S.C. § 3145(a)(1). "When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (citing *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir. 1992)). In making that independent determination, "the district court need not conduct a new pretrial detention hearing; rather, the court may base its decision on the transcript of the original detention hearing and any additional evidence proffered by counsel." *United States v. Boyd*, 484 F. Supp. 2d 486, 487 (E.D. VA. 2007).

## III. DISCUSSION

The Bail Reform Act of 1984 provides that a defendant shall be detained pending trial if a Court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Under the Bail Reform Act, pretrial detention is necessary when there is "a serious risk that such person will flee," which the Government bears the burden of proving by the preponderance of the evidence. § 3142(f)(2)(A); *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015). Section 3142(g) lists several factors "a court should consider in determining whether a particular defendant should be released under pretrial supervision or confined pending trial . . . and immigration status is not a listed factor." *Id.* Those factors include: 1) the nature and circumstances of the offense; 2) the weight of the evidence; 3) the history and characteristics of

the person; and 4) the nature and seriousness of the danger to any person or the community. § 3142(g). A court can consider alienage, but it is not a dispositive factor. *Santos-Flores*, 794 F.3d at 1090.

Here, the Government does not rely on Defendant being a danger to the community. Instead, the Government's main argument is that Defendant is a flight risk because he has continuously failed to follow the rules or laws, given his relevant criminal history record. Detention Hearing Transcript at 13–14. Defendant was told **six times** that he is not allowed to come to the United States, but he continues to disregard the rules and commit further crimes. *Id.* Furthermore, the Government contends that it is not relying on Defendant's personal choice to appear, but the inability to appear because of the likelihood of Immigration and Customs Enforcement ("ICE") officials removing him from the United States. *Id.* Additionally, the Government relies on an alleged uptick in defendants facing deportation to remove the electronic monitoring device to evade deportation. *Id.* at 15. According to Defendant, the Government failed to show that there is a serious risk of flight because Defendant resides in the Eastern District of Virginia community with his seven-year-old special needs son, he is in an ongoing custody battle concerning the child, and he maintains his own business, Medrano's Flooring. Resp. Opp. at 8–9. Defendant also argues that electronic monitoring at his residence in Hampton, Virginia, can reasonably assure his appearance in the federal proceeding. Detention Hearing Transcript at 13–14.

"As a number of district courts have persuasively explained, the risk of nonappearance referenced in 18 U.S.C. § 3142 must involve an element of volition." *Santos-Flores*, 794 F.3d at 1091 (9th Cir. 2015). Accordingly, a risk of deportation does not establish a serious risk of flight. *United States v. Ailon-Ailon*, 875 F.3d 1334, 1337 (10th Cir. 2017). Thus, the Court may not, and

4

will not, substitute a categorical denial of bail based on the likelihood of an ICE detainer as a determining factor that Defendant poses a serious risk of flight. *See Santos-Flores*, 794 F.3d at 1091–92 (9th Cir. 2015).

On the other hand, the Court will consider if Defendant is a voluntary flight risk. Considering the totality of the circumstances, the Court finds that Defendant poses a serious risk of flight. Here, Defendant has nineteen criminal convictions dating back to 1993. *See* Pretrial Services Bond Report, ECF No. 11. Moreover, Defendant has multiple unlawful entries into the United States and has violated supervised release. *Id.* This will now be Defendant's seventh unlawful entry into the United States, which indicates a pattern of defying the United States laws and court orders. As such, Defendant's criminal history, the nature of the offense, the likelihood of potential conviction and punishment, and the weight of the evidence against him indicate a serious risk of flight.

However, the Court does find that Defendant has significant ties to the Eastern District of Virginia community. *See* § 3142(g)(3)(A). His seven-year-old son lives in the community, and Defendant seeks to obtain primary custody.[1] He also maintains a business, Medrano's Flooring, and apparently works with his landlord on contracting matters in the community. These ties are strong, but not strong enough to overcome that Defendant is a flight risk because of the threat of being involuntarily removed. *See United States v. Benitez-Elvira*, No. 1:14CR391-1, 2014 WL 6896142, at *2 (M.D.N.C. Dec. 5, 2014) (unpublished) ("Simply put, a significant incentive exists for the defendant to absent himself from further proceedings to avoid possible imprisonment followed by deportation."); *see also United States v. Salas-Urenas*, 430 F. App'x 721, 723 (10th Cir. 2011) ("A defendant's immigration status and the existence of an ICE detainer are relevant to

---

[1] The mother of the child resides in the Eastern District of Virginia and is apparently involved in the child's life. *See* Detention Hearing Transcript at 13:10–12.

5

the detention decision as part of the history and characteristics of the defendant."). Thus, given the lack of reasonable assurance that Defendant does not pose a serious risk of flight, the Court finds that Defendant should be detained pending trial and hereby revokes his bond.

### IV.  CONCLUSION

For the reasons stated on the record and discussed above, the Government's Motion to Review Release Order is **GRANTED**. ECF No. 14. Accordingly, Defendant's bond is hereby **REVOKED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and the United States Attorney.

**IT IS SO ORDERED.**

Newport News, Virginia
March 20 , 2025

/s/
Raymond A. Jackson
United States District Judge